Harold S. HANCOCK et al., Appellants,

v.

C. E. BRADSHAW, d/b/a National Amusement Company, Appellee.

No. 7126.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 30, 1961.

Harris, Anderson, Henley & Rhodes, Dallas, for appellants.

Sessions, Sessions, Hoffman, Ackles & Looney, Dallas, for appellee.

NORTHCUTT, Justice.

On July 8, 1958, M. C. Kesner executed a lease, as owner, of certain real property and business property located at 4823 Bryan Street, Dallas County, Texas, to one Ray Rasor as lessee. The lease was a usual business property lease and the premises were to be occupied by Rasor and used as a Supper Club for a term of five years from December 12, 1958, with an option in Rasor to renew for five more years.

On October 20, 1958, Mrs. Vera E. Norris and Ray Rasor executed an "Exclusive Concession Lease" agreement, the instrument in question in this suit, to C. E. Bradshaw, d/b/a National Amusement Company. It was described as an "Exclusive Concession Lease" and was for the purpose of allowing C. E. Bradshaw, d/b/a National Amusement Company, to place legal coin-operated machines, including cigarette machines, on the premises so described in said lease agreement, which de-scribed in said lease agreement, which de-scription conformed to that in the original lease between M. C. Kesner and Ray Rasor. This "Exclusive Concession Lease" was for a term of three years from the above date with an option in C. E. Bradshaw, d/b/a National Amusement Company, to renew for three years.

On June 19, 1959, R. C. Norris, husband of Mrs. Vera E. Norris, executed another "Exclusive Concession Lease" to C. E. Bradshaw with similar terms, covering the same above mentioned property, except that the term was for three years from June 19, 1959.

On August 20, 1959, Rasor sublet the premises in question to one Jerry E. Capps and on August 26, 1959, W. E. Kline & Co., agents, executed an instrument in writing which, among other things, gave Rasor the right to sublet the premises and on August 27, 1959, Mr. and Mrs. R. C. Norris sold the furniture, fixtures, and equipment located in said premises and on the property in question to Jerry E. Capps by a Bill of Sale.

On December 24, 1959, Capps sublet the premises to Harold S. Hancock with Rasor in agreement with said subletting.

The controversy in question here commenced when Hancock wrote Bradshaw on December 13, 1960 and demanded the re-removal of the juke boxes, cigarette machines, etc. and upon Bradshaw's refusal to do so, Hancock on December 16, 1960, unplugged these machines of Bradshaw's and allowed the other appellants herein to enter upon these premises and place thereon and therein other coin-operated machines belonging to these other appellants in the place of and instead of those of Bradshaw.

On March 16, 1961, a petition by Bradshaw for a temporary restraining order was heard by the court, without a jury, and on March 28, 1961, the District Court of Dallas County, Texas, entered an order temporarily restraining and enjoining Har-

old S. Hancock, Leonard Coleman and Cigarette Vending Service of Dallas, Inc. from interfering with Bradshaw's leasehold estate or property thereon, or committing any other act derogatory to his rights in the leasehold estate. From this order appellants have appealed. This appeal was originally taken to the Court of Civil Appeals at Dallas and transferred to this court by order of the Supreme Court.

Appellants perfected this appeal upon the following points of error:

*First Point.* A temporary injunction and/or temporary restraining order will not lie for the reason that there is an adequate remedy at law.

*Second Point.* A temporary injunction and/or temporary restraining order will not lie for the reason that there is no evidence, or in the alternative, insufficient evidence, to show irreparable harm.

*Third Point.* The instruments described as "Exclusive Concession Lease" do not create any leasehold estate and grant only a license or privilege not binding on subsequent sub-lessees.

*Fourth Point.* Appellee may not enforce his agreement by injunction or restraining order against appellant where conveyance to the latter was not made subject to the concession agreement and he had no notice of same.

■ Concerning appellants' first point of error, that a temporary injunction and/or temporary restraining order will not lie for the reason that there is an adequate remedy at law, we do not believe that rule should be applied in courts administering both law and equity as strictly as at common law where the jurisdiction is distinct. It is true, an injunction will issue when a legal remedy is inadequate. Adequate remedy at law preventing relief by injunction means a remedy which is plain and complete, and as practical and efficient to the end of justice and its prompt administra-

tion as a remedy in equity. Accordingly, an injunction should not be granted where the complainant has an adequate remedy at law. Under the record in this case, we think the pleadings and also the evidence show that the appellee had an adequate remedy at law. Injunctive relief ought not be granted unless it appears that the complainant has no adequate remedy at law for prevention or redress of wrongs and grievance of which complaint is made. If appellee has been unjustly deprived of his rights under his "Exclusive Concession Lease", it is pleaded and shown by the evidence that his damages would be so many dollars and cents. There is nothing in this record to show the parties responsible for appellee's damages, if any, are not able to respond in damages. The granting of an injunction in the face of an adequate remedy at law is an erroneous abuse of the courts discretionary powers. Burdette v. Bell, Tex.Civ.App., 218 S.W. 2d 904; Texas Unemployment Compensation Commission et al. v. Campbell, Wise & Wright, Inc. et al., Tex.Civ.App., 119 S.W. 2d 388, writ dismissed; Jeffers v. Rondeau, Tex.Civ.App., 1 S.W.2d 380; Bichsel v. Heard, Tex.Civ.App., 328 S.W.2d 462; Sheppard v. Parr, Tex.Civ.App., 287 S.W. 2d 204, writ refused N.R.E.; Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951 Supreme Court; Hill v. Brown, Tex. Com.App., 237 S.W. 252 Supreme Court; and Raine v. Searles, Tex.Civ.App., 302 S. W.2d 486.

■ Under our appellee's "Exclusive Concession Lease" all that he received was a privilege to place his machines upon the property known as 4823 Bryan Street, Dallas County, Texas given to him by virtue of the acts of the lessee of the property, and was only a privilege and not a leasehold estate, and was not an interest in the land. Consequently, when the lessee transferred the lease to sub-lessee, when the sub-lessee had no knowledge of the appellee's claim, and the lessee had the right to sub-lease the property, the transfer of

**958**

the lease to the sub-lessee would revoke the "Exclusive Concession Lease" of the appellee. Priddy v. Green et al., Tex.Civ. App., 220 S.W. 243; Latimer v. Hess, Tex.Civ.App., 183 S.W.2d 996, writ refused; Chicago, R. I. & G. Ry. Co. v. Johnson, Tex.Civ.App., 156 S.W. 253 writ refused; and Settegast et ux. v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014.

From the foregoing it follows that we sustain appellants' first and third points of error. We therefore reverse the judgment of the Trial Court wherein he entered an order of temporarily restraining and enjoining appellants from interfering with appellee's leasehold estate or property thereon and dissolve the order and any writ so issued. Reversed and temporary injunction dissolved.