G. L. FLORENCE, Appellant,

v.

Ruth B. FLORENCE, Appellee.

No. 75.

Court of Civil Appeals of Texas.

Tyler.

Feb. 4, 1965.

Rehearing Denied March 18, 1965.

Troy Smith, Smith & Smith, Tyler, M. G. Mell, Gilmer, for appellant.

F. L. Garrison, Garrison & Bolding, Gilmer, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a temporary injunction restraining appellant from disturbing the appellee at her work or at their residence and an order allowing appellee to continue use of the residence of the parties during the pendency of the suit.

This appeal grows out of a presently pending divorce suit in which appellee is cross plaintiff and appellant is cross defendant.

On November 12, 1962, appellant filed suit for divorce against appellee in the 115th Judicial District Court of Upshur County, Texas. Appellee duly filed her first amended original answer, which in addition to denying the allegations in plaintiff's amended petition, she prayed for a division of the property, for attorney's fees, and that plaintiff take nothing by his suit.

On October 29, 1963, the case went to trial before a jury and a verdict was returned on the 30th day of October, 1963. The verdict of the jury was against appellant.

On January 8, 1964, appellant filed a motion requesting the court to enter a judgment against him and in favor of the defendant in accordance with the answer of the jury to the special issues submitted to them. The motion was set for hearing on January 24, 1964.

On January 24, 1964, prior to pronouncement or entry of the judgment denying appellant a divorce, appellee filed a cross action in said cause wherein she sought divorce from appellant, a division and adjudication of the property rights existing between the parties, and that she be awarded the use and benefit of the residence of the parties therein described during the pendency of the suit, or until further order of the court.

On February 7, 1964, appellee filed her application for temporary injunction which in part she makes the following allegation:

"Accordingly, cross plaintiff prays the Court to enter its order fixing a time and place for hearing this her application to be awarded the temporary use and occupancy of the residence house herein described, during the pendency of this suit, or until further orders of this Court.

"Cross plaintiff shows to the Court that at the time of the filing of said cross action, the attention of the Court was not called to the above quoted paragraph by reason of the fact that cross plaintiff understood that her quiet, peaceable and exclusive occupany of the property hereinabove described was to continue uninterruptedly."

"Cross plaintiff shows to the Court that on Friday, January 31, 1964, on Monday, February 3, 1964, and on Wednesday February 5, 1964, the cross defendant has demanded of cross plaintiff a key to such residence and the right to freely enter into said house at will, to live therein, if he chose, and in short to do any and all other things necessary to establish and maintain complete dominion of and over such house, this cross plaintiff and her children. Cross defendant has further stated that he, at all costs, intended to enter said house, even to the extent of chopping a door in or down, for the purpose of gaining entrance."

Cross plaintiff further alleges "that while she has had the uninterrupted and peaceable use, possession and occupancy of the residence house formerly occupied by both cross plaintiff and cross defendant, she fears that unless the Court makes and enters its order awarding to her the right to live in such house, cross defendant will in some manner or fashion attempt to dispossess cross plaintiff and her children from said house. In this connection, cross plaintiff alleges and shows to the Court that she had no home other than the home occupied by her at this time." The appellant further alleges that the parties became separated on the 4th day of October, 1962, by appellant leaving, and that since such time the appellee has lived in such residence and has the exclusive use and occupancy of it as a home for herself and children.

Appellee therein prayed that "the Court make and enter an order at this time maintaining the status quo which has existed between the parties for a period of 16 months by awarding to cross plaintiff the exclusive use and benefit of the premises owned by the parties and located and situated at 504 S. Montgomery Street, Gilmer, Upshur County, Texas. And that until a hearing can be had on such application, the Court temporarily restrain and enjoin the cross defendant from coming around, about or upon such premises, or from in any way molesting or harassing cross plaintiff or in any manner interfering with cross plaintiff's right to the exclusive use and benefit of such premises and the quiet, peaceable possession thereof, and that on hearing hereof the cross defendant be permanently enjoined in like manner during the pendency of this suit, or the further orders of this court, and for such other and further relief, generally and specially, to which cross plaintiff may show herself entitled to recover herein."

On February 7, 1964, appellee was granted a temporary restraining order as prayed for. A hearing on her application for temporary injunction was set for hearing on February 15, 1964.

Although appellant was duly cited and served with notice of the date of hearing on the application, he failed to appear or answer therein.

On February 15, 1964, upon the hearing of appellee's application, a temporary injunction was granted restraining and enjoining appellant from "coming around, about or upon the premises where cross plaintiff may be living or working, or may otherwise be, and from molesting or threatening her in any manner." The court further in said order awarded appellee the use, possession, occupancy and control of the residence homestead of the parties during the pendency of the suit.

From this order appellant has perfected his appeal to this court.

The trial court, pursuant to request therefor, filed his findings of fact and

conclusions of law. We quote in part from such findings and conclusions as follows:

"Plaintiff voluntarily left the residence homestead of the parties on October 4, 1962 and has not made any attempt to resume residence at the homestead until on or about the 1st day of February, 1964.

"Since the date of separation of the parties, defendant and cross plaintiff has had the exclusive use and occupancy of the residence homestead of the parties without any opposition on the part of cross defendant.

"Cross plaintiff's counter claim filed herein on the morning of January 24, 1964, reflects her pleading to the effect that she feared that unless the court entered an order awarding her the exclusive use and occupancy of such residence, the cross defendant probably would attempt to dispossess her and her children from said house.

"On cross plaintiff's application for a temporary restraining order, filed herein on February 7, 1964, to restrain cross defendant from trying to effect entry into the residence of the parties, and from coming about cross plaintiff or harassing her in any manner, this court did grant such relief to her without notice to cross defendant. Notice of this action was duly served on cross defendant and as well a notice for him to appear in the district courtroom on February 15, 1964, and show cause why such order should not continue as a temporary injunction effective during the pendency of this action.

"Cross defendant and two of his attorneys of record were present in the Upshur County Courthouse previous to the hearing, but they personally advised the court that cross defendant and his counsel would not make appearance in the district court-room during such hearing on the mentioned show cause order.

"Subsequent to the filing of cross plaintiff's counter claim, cross defendant on or about February 1, 1964, began demanding of her the key to the residence house and telling her that he was coming back into the house whether he got a key or not and would do whatever was necessary to effect entrance.

"Cross defendant came to the place of employment of cross plaintiff on three occasions and each time he created a disturbance by threatening that he would gain entry into the residence regardless of opposition, which greatly embarrassed cross plaintiff as well as causing her to be fearful of cross defendant for her personal safety as well as her peace of mind.

"Cross plaintiff has no home of her own and has no funds to provide herself with another home during the pendency of this action and is in need of a home for herself and her children until final disposition of this cause."

■ At the outset of this opinion we desire to reiterate and emphasize that the trial in the district court was confined solely to the issues of the application for equitable relief in the form of a temporary injunction and the order granting appellee the right to use the home during the pendency of the suit. In an action of this kind it is only necessary for the proponent of the application for equitable relief to show a reasonable necessity therefor.

■ The appellant contends that the trial court abused its discretion in granting the temporary injunction for several reasons, one being "that the pleadings in this case are wholly insufficient to authorize the granting of an injunction." In light of this contention we have carefully

examined appellee's cross action and application for temporary injunction. We reach the conclusion that the pleadings were sufficient to warrant the trial court's action in granting the temporary injunction.

■ In a hearing on an application for temporary injunction the only question before the court is the right of the applicant to a preservation of his status quo of the subject matter of the suit pending a final trial of the case on its merits. To warrant the issuance of the writ the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Where the pleading and evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced him to sustain it. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W. 2d 549; James v. E. Weinstein & Sons, 12 S.W.2d 959 (Tex.Com.App.); Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460; Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; Chesterfield Finance Company v. State of Texas, 331 S.W.2d 368 (Tex.Civ.App.) error refused.

■ The "status quo" to be preserved by temporary injunction is " 'the last, actual, peaceable, noncontested status which preceded the pending controversy.' " Transport Co. of Texas v. Robertson Transports, Inc., supra; Lone Star Mining Company, Inc. v. Texeramics, Inc., 340 S.W.2d 871 (Tex.Civ.App.) writ ref., n. r. e.

The granting of a temporary injunction is largely within the discretion of the trial court, and unless a clear abuse of that discretion is shown on appeal his acts will not be disturbed. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, supra; Southwestern Greyhound Lines, Inc. v. Railroad Commission of Texas, supra.

■ In suits for temporary injunction, the trial judge is endowed with broad discretion to grant or deny the injunction. Accordingly, the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W. 2d 589.

■ Furthermore, the court may make such temporary orders respecting the property and parties in a pending divorce action as are necessary and equitable. Article 4636, Vernon's Ann.Civ.St. provides:

"Pending suit for a divorce the court, or the judge thereof, may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

Although the power given the trial court is not unlimited, it appears the District Judge has the broadest possible powers in making necessary temporary orders. Allen v. Allen, 366 S.W.2d 650 (Tex.Civ. App.) no writ history; Kinsey v. Kinsey, 77 S.W.2d 881 (Tex.Civ.App.) no writ history.

It has been held by the Supreme Court of Texas in the case of Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701, that:

" * * * A cause still pends in a trial court so long as a judgment rendered therein remains subject to attack by motion for new trial or subject to judicial vacation or modification by such court under the terms and provisions of Rule 329b."

Applying this rule of law to the record before us, this case was pending in the trial court at the time the order was entered granting a temporary injunction to appellee.

■ Appellant next contends that the questions involved in this case are solely questions of law. He says that "the rule is well established that a court abuses its discretion in granting an injunction when only questions of law are involved."

In support of this contention the appellant cites the case of Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722. This case is authority for the proposition that if the undisputed facts submitted upon the hearing for a temporary injunction, in support of the application therefor, are such that solely questions of law are presented, the trial court's action is reviewable, and should be reviewed on appeal. Tyree v. Road Dist. No. 5, Navarro County, Tex.Civ.App., 199 S.W. 644, writ ref.; Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517.

■ Appellant further contends that appellee's cross action was a nullity and therefore the court abused his discretion in granting a temporary injunction because:

    A. "Final Judgment having been rendered in Florence v. Florence, the claimed Cross-Action in Ruth B. Florence v. G. L. Florence could not be filed in that case.

    B. "Ruth B. Florence, under rules, was required to file her Cross-Action in due time so the same could be tried and disposed of at same time G. L. Florence's case was tried.

    C. "Judgment in the case of Florence v. Florence, No. 12,834, is

res judicata of the matters to be raised in the so-called Cross-Action filed by Ruth B. Florence and she is estopped by that Judgment."

The record in this case reveals that appellant on March 2, 1964, filed a plea alleging that the trial court had no jurisdiction as to the cross action of the appellees. As we view this pleading it encompasses the same questions of law which appellant attempts to raise in this court on this appeal. The trial court has never been granted an opportunity to pass on the questions raised by the plea to the jurisdiction because same was never presented to that court for its determination insofar as this record shows. We hold that these questions of law cannot be determined by this court until they have been adjudicated by the trial court and brought forward through proper channels before this court for review.

It is the settled law of this state that the appellate court cannot act until the court whose decision it had power to review has made a decision. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641; 3 Tex.Jur.2d, page 294, Section 26.

■ The matters here complained of were not raised on the hearing for temporary injunction. In fact, the appellant nor either of his attorneys appeared at the hearing nor contested appellee's application for temporary injunction. Neither did appellant, prior to the order of the court granting the injunction, file any pleading in the trial court challenging appellee's right to maintain and prosecute her cross action.

Finding the pleadings sufficient and the evidence in this case ample to support the court's findings and judgment, the judgment is affirmed.