**ALERT SYNTEKS, INC. and R & T Sales Company, Inc., Appellants,**

v.

**JERRY SPENCER, L.P. and Spencer Distributing, L.P., Appellees.**

No. 12–02–00137–CV.

Court of Appeals of Texas, Tyler.

Oct. 29, 2004.

Frank L. Supercinski, Longview, for appellant.

Daniel F. Dean, Palestine, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

DIANE DeVASTO, Justice.

R & T Sales Company, Inc. ("R & T") appeals the trial court's order granting Jerry Spencer, L.P.'s ("Spencer") motion to appoint a receiver. R & T raises three issues on appeal. Alert Synteks, Inc. ("Alert") appeals the trial court's order granting injunctive relief against it and in favor of Spencer Distributing, L.P.

("Spencer Distributing"). Alert raises two issues on appeal. We dismiss for want of jurisdiction in part and reverse in part.

### BACKGROUND

Spencer entered into two construction contracts with R & T, who agreed to build two commercial buildings for Spencer in Richland Hills, Texas and Watauga, Texas respectively. Alert was one of several subcontractors working for R & T on the projects.

During the course of the project, Spencer received claims of unpaid bills from subcontractors on each project totaling more than $640,000.00. Among such claims was Alert's claim for $75,346.70 for work it had performed on both buildings. Spencer had previously paid R & T $1,905,755.06 to be held in trust to pay subcontractors.

Spencer filed the instant suit seeking a declaratory judgment as to what amount it owed Alert and other subcontractors. Spencer further sought to have a receiver appointed for the assets of R & T. R & T and Alert, by separate pleadings, answered and each filed motions to transfer venue. Both motions to transfer venue were denied.

Subsequently, Alert made a demand to Spencer for $75,346.70 and related to Spencer that if the amount was not paid, Alert would sell certain fuel dispensers it had in its possession that were owned by a third party, Spencer Distributing.[1] Thereafter, Spencer Distributing intervened in the lawsuit by way of Plaintiff's First Supplemental Petition claiming conversion and requesting that the trial court enjoin Alert from selling the gas dispensers.

On April 19, 2002, Spencer filed its Third Amended Original Petition. Neither

---

**1.** Alert had Spencer Distributing's fuel dispensers in its possession because Spencer Distributing had Alert transport the dispensers from R & T's warehouse.

Spencer Distributing nor its request for injunctive relief are referenced in this pleading. On April 30, 2002, the trial court conducted a hearing concerning Spencer Distributing's request for injunctive relief against Alert as well as Spencer's request to have a receiver appointed for the assets of R & T. At the hearing, Barry Thomas Swinney ("Swinney"), a representative for Spencer Distributing, testified as did Darren Mackey, a certified public accountant who worked for Spencer.

Following the hearing, the trial court granted both Spencer Distributing's motion for injunctive relief and Spencer's motion to appoint a receiver. This interlocutory appeal followed.[2]

### MOTION TO TRANSFER VENUE

■ In its third issue, R & T argues that the trial court erred in refusing to grant its motion to transfer venue. In its brief, R & T contends that the instant case is controlled by Texas Civil Practice and Remedies Code chapter 64, which provides that any action governed by any other statute prescribing mandatory venue shall be brought in the county required by that statute. R & T further argues that the mandatory venue provision set forth in Section 64.071 of the Texas Civil Practice and Remedies Code requires that the instant case be transferred to the county of R & T's principal office. Likewise, in its second issue, Alert argues that mandatory venue provisions deprived the trial court of jurisdiction to enter the temporary injunction against it.

No interlocutory appeal may arise from a trial court's determination of proper venue. See TEX. CIV. PRAC. & REM.CODE § 15.064(a) (Vernon 2002); Bristol–Myers Squibb v. Barner, 964 S.W.2d 299, 301 (Tex.App.-Corpus Christi 1998, no pet.);

Guardian Sav. & Loan Ass'n v. Williams, 731 S.W.2d 107, 108 (Tex.App.-Houston [1st Dist.] 1987, no writ); cf., Surgitek, Inc. v. Adams, 955 S.W.2d 884, 887 (Tex. App.-Corpus Christi 1997, pet. dism'd by agr.) (Section 15.003 of the Civil Practice and Remedies Code, which allows an interlocutory appeal to contest a trial court's decision regarding joinder, did not authorize an interlocutory appeal of a denial of motion to transfer venue, even where the appeal also claimed improper joinder of plaintiffs who were allegedly unable to independently establish their right to bring suit in the county).

Here, both R & T and Alert seek to challenge the trial court's ruling on their respective motions to transfer venue. Inasmuch as we lack jurisdiction concerning a trial court's interlocutory ruling on a motion to transfer venue, we decline to consider both R & T's third issue and Alert's second issue.

### RECEIVERSHIP

In its first issue, R & T contends that the trial court erred in ordering that a receiver be appointed because the underlying grounds for the trial court's order were not properly supported by the evidence.

### Section 7.04 or 7.05 Receivership

■ Initially, R & T contends that even though Spencer's motion to appoint a receiver sought a receivership pursuant to Section 7.04 of the Texas Business Corporation Act, the trial court's order, in fact, appointed a receiver in accordance with Section 7.05 of the Texas Business Corporation Act.

Under Section 7.04, a receiver may be appointed by any court having jurisdiction of the subject matter for specific corporate assets that are involved in litigation, when-

2. See TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(1), (4) (Vernon 2004–2005).

ever it is deemed by the court that circumstances exist that require the appointment of a receiver to conserve such assets and to avoid damage to parties at interest. *See* TEX. BUS. CORP. ACT ANN. § 7.04(A) (Vernon 2003). However, a receiver may be appointed under Section 7.04 only if (1) all other requirements of law are followed and (2) other remedies available either at law or in equity are determined by the court to be inadequate. *Id.* Furthermore, a receiver may be appointed under Section 7.04 only in certain instances, which, in pertinent part, are as follows:

> [B]etween partners or others … interested in any property or fund, on the application of the plaintiff or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured.
>
> . . . .
>
> In any other actions where receivers for specific assets have heretofore been appointed by the usages of the court of equity.

*See* TEX. BUS. CORP. ACT ANN. § 7.04(A)(1), (3) (Vernon 2003).

On the other hand, Section 7.05 provides that a receiver may be appointed for the assets *and* business of a corporation by the district court whenever circumstances exist deemed by the court to require the appointment of a receiver to conserve the assets *and* business of the corporation and to avoid damage to the parties at interest. *See* TEX. BUS. CORP. ACT ANN. § 7.05(A) (Vernon 2003) (emphasis added).

In support of its argument that the trial court appointed a receiver pursuant to Section 7.05, R & T cites *Humble Exploration Co., Inc. v. Fairway Land Co.*, 641 S.W.2d 934 (Tex.App.-Dallas 1982, writ ref'd n.r.e.). In *Humble*, the trial court's order appointing a receiver directed the receiver to take possession of Humble, "including all its operations, *business*, affairs, properties, files, records, bank accounts, employees, facilities, real and personal property, interests, *assets*, liabilities, and any and all of its properties." *Id.* at 938 (emphasis in original). Emphasizing further that the trial court's order had appointed a receiver of Humble and its "assets and business[,]" the trial court concluded that the trial court's order was necessarily an appointment relying upon Section 7.05.

R & T seeks to draw a parallel between *Humble* and the case at hand. Here, the trial court's order appointing a receiver for R & T decreed, in pertinent part, as follows:

> IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that WILLIS JARRELL, JR., … is hereby appointed receiver of the assets, funds, actions, property, and records of R & T SALES COMPANY, INC., DEFENDANT … [T]he receiver shall be authorized … to do any and all acts necessary to the proper and lawful conduct of the receivership, including the following:
>
> 1. Secure and conserve all property of DEFENDANT R & T SALES COMPANY, INC., including personal property, real property, intangible property, and tangible property.
>
> 2. Trace and vouch all construction trust funds in the amount of $1,904,755.06 PAID BY PLAINTIFF JERRY SPENCER, L.P. to DEFENDANT R & T SALES COMPANY, INC. for construction of the Richland Hills and Watauga convenience stores that form the basis of [this] suit …
>
> 3. Preserve all assets and records of DEFENDANT R & T … and such

other actions as may be necessary to protect all parties at interest and for the Court to make a determination of the rights of the parties to the assets, funds, and actions of DEFENDANT R & T ...

4. The receiver shall be empowered to do whatever is reasonably necessary to trace, find, and verify the full sum of approximately $1,905, 755.06 paid by PLAINTIFF JERRY SPENCER, L.P. to DEFENDANT R & T ...

5. The receiver shall have the authority to obtain monthly bank statements and monthly reconciliation statements for any and all financial institutions of DEFENDANT R & T ... for any period of time the receiver deems necessary. The receiver shall also have the authority to obtain all journal entries, monthly profit and loss statements, monthly balance sheets, monthly account receivables, data compilations, reviews, and/or audits for DEFENDANT R & T ... for any period of time the receiver deems necessary ... [T]he receiver shall have the power and authority to obtain any other records that the receiver may deem beneficial in accomplishing the goals of this Order.

6. The receiver shall have the right to employ legal counsel and expend reasonable attorneys [fees] from the $25,000.00 fund deposited in the registry of the court by the PLAINTIFF JERRY SPENCER, L.P. to file suit to pursue and effect the terms of this Order.

. . . .

8. The receiver is authorized by the Court to employ accounting assistance in this matter, upon motion

and order before the Court, to be paid by Plaintiff.

IT IS FURTHER **ORDERED** that money coming into the possession of the receiver shall be held in trust by the receiver subject to such orders as this Court may hereafter issue.

. . . .

IT IS FURTHER **ORDERED** that the receiver shall, upon location of assets, funds, property, and/or records or no later than 120 days from qualification of the receiver, file in this action an inventory of all property of which the receiver shall have taken possession. If the receiver subsequently comes into possession of additional property, the receiver shall file a supplemental inventory as soon as practical.

Based on our review of the trial court's order, we conclude that the order in the instant case is distinguishable from the order in *Humble*. Here, the trial court's order does not direct that there be a receiver of the business of R & T. Rather, the trial court's order is restricted to R & T's assets. As such, we hold that the trial court's order appointing a receiver must conform to the requirements of Section 7.04.

### Standard of Review

■ Since a receivership is an equitable remedy within the sound discretion of the court, an appointment will not be disturbed on appeal unless the record reveals an abuse of discretion. *See Abella v. Knight Oil Tools,* 945 S.W.2d 847, 849 (Tex.App.-Houston [1st Dist.] 1997, no writ); *see also Balias v. Balias, Inc.,* 748 S.W.2d 253, 256 (Tex.App.-Houston [14th Dist.] 1988, writ denied). We will reverse for abuse of discretion only when we conclude that the trial court acted in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238,

242 (Tex.1985). Stated somewhat differently, abuse of discretion occurs when a court acts "without reference to any guiding rules and principles." *Id.* at 241–42. A corollary principle is that a court of appeals may not reverse for abuse of discretion merely because it disagrees with the trial court's decision, so long as such a decision was within the court's discretionary authority. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer,* 701 S.W.2d at 242.

### Propriety of Trial Court's Order Granting Receivership

To iterate, among the requirements that must be met before a trial court can appoint a receiver under Section 7.04 is that the trial court determine that other remedies available either at law or in equity are inadequate. *See* TEX. BUS. CORP. ACT § 7.04(A); *see also Associated Bankers Credit Co. v. Meis,* 456 S.W.2d 744, 750 (Tex.Civ.App.-Corpus Christi 1970, no writ) (under Section 7.04, a receiver will not be appointed if the status of the property can be maintained and the rights of the applicant protected pending a hearing by the issuance of a restraining order or temporary injunction, or by any remedy less drastic than a receivership).

In the case at hand, Spencer offered no evidence at the hearing on its motion to appoint a receiver to support the trial court's finding that other remedies available either at law or in equity were inadequate. No evidence of record supports that other methods which could potentially be employed to trace the missing funds, such as traditional discovery, had been attempted and failed or were otherwise unavailable. In fact, there is no indication in the record that any discovery had been attempted at the time the trial court granted Spencer's motion. Moreover, the record is silent as to reasons why injunc-

tive relief could not be employed to preserve assets or why monetary damages would not provide an adequate remedy. We hold that by granting Spencer's motion to appoint a receiver where there was no evidence supporting its finding that other remedies available either at law or in equity were inadequate, the trial court abused its discretion. R & T's issues one and two are sustained.

### INJUNCTION

In its first issue, Alert argues that the trial court abused its discretion by granting injunctive relief in favor of Spencer Distributing.

### Amendment of Pleadings

Alert's argument in support of its first issue is multifarious. Initially, Alert contends that the trial court improperly granted the injunction because (1) Spencer Distributing had been dismissed as a party, (2) the injunctive action against Alert had been abandoned, and (3) the injunctive relief was not supported by the pleadings. More specifically, Alert argues that Spencer Distributing was made a party to the instant lawsuit by virtue of Plaintiff's First Supplemental Petition filed on April 4, 2002. When, on April 19, 2002, Spencer filed its Third Amended Petition, which made no reference to Spencer Distributing or its claim for injunctive relief against Alert, Plaintiff's First Supplemental Petition, Alert argues, was no longer regarded as the pleading of record. Thus, Alert contends, Spencer Distributing was no longer a party, and its claim for injunctive relief was thereby abandoned. We disagree.

When a party's name is omitted from an amended pleading, he is as effectively dismissed as where a formal order of dismissal is entered. *Randolph v. Jackson Walker L.L.P.,* 29 S.W.3d 271, 274 (Tex.

App.-Houston [14th Dist.] 2000, pet. denied). However, Texas Rule of Civil Procedure 64 requires that the party amending point out the instrument amended, as "original petition," or "plaintiff's first supplemental petition," or as another instrument filed by the party and shall amend by filing a substitute therefor, entire and complete in itself, indorsed "amended original petition," or "amended first supplemental petition," accordingly as said instruments of pleading are designated. *See* Tex.R. Civ. P. 64.

In the case at hand, Alert, in essence, argues that Plaintiff's Third Amended Original Petition operated to supplant Plaintiff's First Supplemental Petition. Yet, in accordance with Rule 64, and the examples cited therein, Spencer has indorsed the pleading as the third amendment to its original petition. Any amendment to Plaintiff's First Supplemental Petition would, in accordance with the express example set forth in Rule 64, be indorsed as Plaintiff's First Amended First Supplemental Petition. *Id.* Nothing in the body of Plaintiff's Third Amended Original Petition, either express or implied, causes us to conclude that Spencer sought to amend Plaintiff's First Supplemental Original Petition. Moreover, none of the cases [3] cited by Alert support the proposition that a pleading designated as an amendment to a previously-filed original petition also served to amend a previously-filed supplemental petition. Thus, we conclude that (1) Spencer Distributing was not dismissed as a party at the time the trial court granted injunctive relief, (2) the injunctive action against Alert was not abandoned, and (3) the injunctive relief granted was supported by the pleadings.

---

**3.** In support of its proposition, Alert cites to the following cases: *Direkly v. Devcon,* 866 S.W.2d 652 (Tex.App.Houston [1st Dist.] 1993, writ dism'd w.o.j.); *Burton v. Bridges,*

### *Adequate Remedy at Law*

Alert further contends that the trial court improperly granted Spencer Distributing injunctive relief because the record reflects that there existed an adequate remedy at law.

A trial court is clothed with broad discretion in determining whether to issue an injunction, and its order will be reversed only on a showing of a clear abuse of discretion. *See Florence v. Florence,* 388 S.W.2d 220, 224 (Tex.Civ.App.-Tyler 1965, writ dism'd). However, this general rule is not unlimited; it does not extend to the erroneous application of the law to the undisputed facts. *Bank of the Southwest N.A. v. Harlingen Nat'l Bank,* 662 S.W.2d 113, 115–16 (Tex.App.-Corpus Christi 1983, no writ). Furthermore, it is an abuse of discretion for a trial court to issue a temporary injunction where no evidence that would support a temporary injunction was presented to the trial court. *See Rogers v. Howell,* 592 S.W.2d 402, 403 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.). A judgment issuing a writ of temporary injunction may not be made by affidavit, and thus a sworn petition does not constitute evidence supporting the trial court's judgment. *Id.; Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683, 686 (Tex.1968).

An injunction will not be granted if there is an adequate and plain remedy at law. *See McGlothlin v. Kliebert,* 672 S.W.2d 231, 232 (Tex.1984); *Bank of the Southwest,* 662 S.W.2d at 116. For a legal remedy to be adequate, it must give the plaintiff complete, final, and equal relief. *See Universal Health Servs., Inc. v.*

---

641 S.W.2d 635 (Tex.App.-El Paso 1982, writ ref'd n.r.e.); and *Sparks v. Aetna Life and Casualty Co.,* 554 S.W.2d 228 (Tex.Civ.App.-1977, no writ).

*Thompson,* 24 S.W.3d 570, 577 (Tex.App.Austin 2000, no pet.);[4] *Henderson v. KRTS, Inc.,* 822 S.W.2d 769, 773 (Tex.App.-Houston [1st Dist.] 1992, no writ); *Bank of the Southwest,* 662 S.W.2d at 116 ("The test for determining whether an existing remedy is adequate is whether such remedy is as complete and as practical and efficient to the ends of justice and its prompt administration as is equitable relief."). For the purposes of injunctive relief, if damages cannot be calculated, or if the defendant will be unable to pay damages, there is no adequate remedy at law. *Texas Indus. Gas v. Phoenix Metallurgical Corp.,* 828 S.W.2d 529, 533 (Tex. App.-Houston [1st Dist.] 1992, no writ); *see Thompson,* 24 S.W.3d at 577; *Surko Enters., Inc. v. Borg–Warner Acceptance Corp.,* 782 S.W.2d 223, 225 (Tex.App.-Houston [1st Dist.] 1989, no writ). Granting an injunction in the face of an adequate remedy at law is an erroneous abuse of the court's discretionary powers. *See Hancock v. Bradshaw,* 350 S.W.2d 955, 957 (Tex.Civ.App.-Amarillo 1961, no writ).

In the case at hand, Swinney testified that each of the gas dispensers had a fair market value of eleven thousand dollars and that the total value of all of the dispensers allegedly converted was ninety-nine thousand dollars. Although Spencer Distributing pleaded that it "daily suffers losses from the non-possession of the ... gas dispensers[,]" and that "the property and rights involved are unique and irreplaceable[,]" there is no evidence of record to support such allegations. The record is further silent concerning any inability on the part of Alert to pay Spencer Distributing monetary damages. Moreover, Spencer Distributing has not argued in its brief that it was without an adequate remedy at law or that Alert was insolvent. Inasmuch as the only evidence of record reflects that the gas dispensers allegedly converted had a fixed and discernible fair market value, and further, considering that (1) there is no evidence that Spencer Distributing had suffered or would suffer losses resulting from the non-possession of the gas dispensers, (2) there is no evidence that the gas dispensers were unique and irreplaceable, and (3) there is no evidence suggesting that Alert was insolvent, we cannot conclude that Spencer Distributing's remedy at law was inadequate. Thus, we hold that by granting an injunction in the face of an adequate remedy at law, the trial court abused its discretion. Appellant's first issue is overruled in part and sustained in part.

### CONCLUSION

We *dismiss* R & T's third issue and Alert's second issue for *want of jurisdiction.* Having sustained R & T's issues one and two, we *reverse* and *vacate* the trial court's order appointing a receiver for the assets of R & T. Having sustained Alert's issue one in part, we *reverse* and *dissolve* the trial court's order granting a temporary injunction against Alert. Accordingly, we *remand* this cause to the trial court for further proceedings consistent with this opinion.

---

**4.** A subsequent appeal of *Thompson* was ultimately reversed on unrelated grounds. *See Universal Health Servs., Inc. v. Renaissance* *Women's Group, P.A.,* 121 S.W.3d 742 (Tex. 2003).