11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
In the Interest of V.L.T.; M.H., Jr.; and P.R., children
            No. 11-04-00090-CV -- Appeal from Brown County
 
            Appellant, Idalia Reyes, appeals from a judgment terminating the parent/child relationship
between her and her children. We affirm. 
            In her sole issue on appeal, Reyes challenges the termination as to V.L.T. and M.H., Jr., but
she does not challenge the termination as to P.R. Reyes contends that the trial court erred by
including questions in the jury charge that pertained to V.L.T. and M.H., Jr. because there was no
live pleading to support such issues. 
            The record shows that three separate cases were originally filed -- one for each child -- and
that the Texas Department of Protective and Regulatory Services (Department) subsequently filed
a motion to consolidate all three into Cause No. 02-09-516, which was the preexisting number in the
case regarding P.R. The motion was granted. On August 15, 2003, several months after the
consolidation, the Department filed two separate documents in Cause No. 02-09-516. One of these
documents had a caption regarding M.H., Jr. and V.L.T. and was entitled Motion to Modify in Suit
Affecting Parent-Child Relationship. The record shows that, approximately two years prior to this
motion, the Department had been appointed to be a joint managing conservator of each of these two
children. The other document filed by the Department on August 15 in Cause No. 02-09-516 had
a caption relating to P.R. and was a First Amended Petition for Protection of a Child, for
Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. At a later
date, the Department filed a Second Amended Petition for Protection of a Child, for
Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship. The second
amended petition had a caption relating to the interest of P.R. 
            Reyes contends that the second amended petition replaced and superseded all previous
pleadings, including the motion to modify, and that, accordingly, the claims with respect to V.L.T.
and M.H., Jr. had been dismissed. We disagree. The general rule is that a substitute instrument
takes the place of and supersedes the original pleading and that the original pleading shall no longer
be regarded as part of the pleadings in the case. TEX.R.CIV.P. 65. Pursuant to this rule, a party may
voluntarily dismiss claims and parties by omitting them from the substituting pleading. See Webb
v. Jorns, 488 S.W.2d 407, 409 (Tex.1972). We find in this case, however, that the second amended
petition superseded the first amended petition, but not the motion to modify. It is apparent from
reading the second amended petition that it was a substitute only for the first amended petition and
that it did not in any way alter or supersede the motion to modify with respect to V.L.T. and M.H.,
Jr. See TEX.R.CIV.P. 62 & 64; Alert Synteks, Inc. v. Jerry Spencer, L.P., 151 S.W.3d 246, 252-53
(Tex.App. - Tyler 2004, no pet’n); Sheerin v. Exxon Corporation, 923 S.W.2d 52, 55 (Tex.App. -
Houston [1st Dist.] 1995, no writ). The motion to modify the preexisting court orders relating to
V.L.T. and M.H., Jr. remained a live pleading. See Alert Synteks, Inc. v. Jerry Spencer, L.P., supra. 
Accordingly, the trial court did not err by submitting jury questions regarding V.L.T. and M.H., Jr. 
The sole issue on appeal is overruled. 
            The judgment of the trial court is affirmed. 
 
                                                                                                W. G. ARNOT, III
                                                                                                CHIEF JUSTICE 
 
June 30, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.