NO. 07-06-0467-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 24, 2007

_____

THE CITY OF AMARILLO,

Appellant

v.

PREMIUM STANDARD FARMS, INC.,

Appellee

_____

FROM THE 69TH DISTRICT COURT OF HARTLEY COUNTY;

NO. 4376H; HON. RON ENNS, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

The issue before us concerns the trial court's denial of a temporary injunction. The latter was sought by the City of Amarillo to enjoin Premium Standard Farms, Inc. from allegedly producing excessive amounts of water from realty adjoining that in which the City had an interest. The trial court denied the preliminary injunction. On appeal, Amarillo would have us hold that denying the injunction evinced an instance of abused discretion.

This is purportedly so because the statute at issue did create a private right of action. We have no choice but to affirm the order given the record before us.

Whether to grant a temporary injunction lies within the trial court's discretion. *Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 253 (Tex. App.–Tyler 2004, no pet.). But, before we can say that such an abuse occurred, the applicant must first plead a viable cause of action and illustrate to the trial court that he has a probable right of recovery and faces probable imminent and irreparable injury if interim relief is not granted. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex. 2002); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 598 (Tex. App.–Amarillo 1995, no writ). In other words, the applicant must do more than simply contend that he has a cause of action against his opponent.

Establishing a probable right of recovery implicitly mandates the presentation of some evidence satisfying the elements of the cause of action. For instance, because our common law recognizes a cause of action for breached contract, that does not *ipso facto* mean that anyone who merely asserts that his opponent breached the agreement is entitled to relief, preliminary or otherwise. Some evidence of a contract and its breach resulting in injury must be given the trial court before it can legitimately say that there indeed exists any probability that the complainant may recover upon the allegation. And, therein lies the problem here.

Irrespective of whether §36.119 of the Water Code created a private cause of action, no evidence was presented to the trial court to satisfy the elements of what the City believed to be its cause of action. This may be because no evidentiary hearing was conducted. Nevertheless, without that evidence, we have no basis to assess whether a

2

probable right of recovery existed or whether the City faced probable injury if relief was not granted. In other words, the void precludes us from assessing the accuracy of the trial court's ultimate decision to deny the request for a temporary injunction. Again, even if we were to say that §36.119(a) created a private cause of action, we could not say that the circumstances contemplated by the parties warranted a preliminary injunction since neither we nor the trial court have or had evidence of what those circumstances were. *See Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d at 253 (stating that it is an abuse of discretion to issue a temporary injunction where no evidence that would support it was presented to the trial court).

Being unable to determine that the trial court abused its discretion in denying the City's request for a preliminary injunction, we affirm the order doing so.


Brian Quinn
Chief Justice