

# NUMBER 13-19-00343-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

U.S. BANK NATIONAL ASSOCIATION AS
CO-TRUSTEE FOR THE MORTGAGE EQUITY
CONVERSION ASSET TRUST 2011-1 A/K/A
MORTGAGE EQUITY CONVERSION ASSET
TRUST 2011-1, MORTGAGE-BACKED
SECURITIES 2011-1,                                                          Appellant,

v.

SERGIO CANTU AND ROSIE CANTU,
HUSBAND AND WIFE,                                                          Appellees.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Perkes

Appellees Sergio and Rosie Cantu filed suit against appellant U.S. Bank National Association as Co-Trustee for the Mortgage Equity Conversion Trust 2011-1 a/k/a Mortgage Equity Conversion Asset Trust 2011-1, Mortgage-Backed Securities 2011-1 (U.S. Bank) in district court, seeking declaratory and injunctive relief after U.S. Bank conducted a foreclosure sale and instituted an eviction action against the Cantus in justice of the peace court. By three issues, U.S. Bank contends that the trial court erred in granting the Cantus a temporary injunction because: (1) the trial court lacked jurisdiction to enjoin the eviction; (2) the Cantus failed to present any evidence at the injunction hearing; and (3) the Cantus cannot demonstrate a probable right to relief. We reverse and remand.

## I. BACKGROUND

According to their petition, the Cantus purchased the property commonly known as 4906 Mesquite, Edinburg, Texas 78542, from Juanita Nunez on September 16, 2008.[1] The sale was owner financed and required the Cantus to make monthly payments to Nunez. Approximately one month later, without the Cantus' knowledge or approval, Nunez executed a reverse mortgage on the property with U.S. Bank.

The Cantus completed their final payment under the promissory note on April 12, 2014. After Nunez died on or about April 17, 2017, U.S. Bank foreclosed on the property and then commenced an eviction suit against the Cantus in the local justice of the peace court.

---

[1] The property's legal description is: LOT 14, ALBERTA PLACE SUBDIVISION, AS PER MAP OR PLAT RECORDED AT VOLUME 30, PAGE 85A, MAP RECORDS OF HIDALGO COUNTY, TEXAS.

The Cantus filed suit in district court (1) contesting the constitutionality of the reverse mortgage, (2) seeking a declaration that the foreclosure sale was void, and (3) requesting an injunction enjoining U.S. Bank from taking any further action to evict the Cantus. The trial court issued a temporary restraining order and, after the parties agreed to extend the TRO several times, held a hearing on the Cantus' request for a temporary injunction.

Over the course of the hearing, the attorneys for both parties made arguments to the trial court based on alleged "facts," but neither party presented any evidence. The Cantus, in particular, seemingly relied on their verified petition and Sergio Cantu's affidavit, which was attached to the Cantus' original petition.[2] However, the Cantus did not move to admit Sergio's affidavit into evidence, and the trial court never admitted the affidavit sua sponte.

The trial court granted the temporary injunction, and this interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

## II. APPLICABLE LAW & STANDARD OF REVIEW

To be entitled to a temporary injunction, a plaintiff must show: (1) a viable cause of action against the defendant; (2) a probable right to recovery; and (3) a probable, imminent, and irreparable injury in the interim. *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 489 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.) (citing *Walling v. Metcalfe*,

---

[2] The Cantus also filed a "Supplemental Petition and Request for Injunctive Relief." Attached to this supplemental petition is another purported affidavit by Sergio Cantu with additional allegations; however, the affidavit is not signed or notarized. *See Medford v. Medford*, 68 S.W.3d 242, 247 (Tex. App.—Fort Worth 2002, no pet.) (stating that the purported affidavit clearly did not constitute an affidavit because it did not contain a notarization).

3

863 S.W.2d 56, 57 (Tex. 1993)). We review a trial court's decision to grant or deny a temporary injunction for an abuse of discretion. *Id.* (citing *Walling*, 863 S.W.2d at 58). A trial court has no discretion to grant a temporary injunction without supporting evidence. *Operation Rescue–Nat'l v. Parenthood of Hous. Se. Tex., Inc.*, 975 S.W.2d 546, 560 (Tex. 1998) (citations omitted).

### III. ANALYSIS[3]

By its second issue, U.S. Bank contends that the trial court abused its discretion in granting the temporary injunction because the Cantus did not present any evidence during the temporary injunction hearing. We agree.

Absent an agreement between the parties, the proof necessary to support a temporary injunction cannot be made by a verified petition or affidavit. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *Alert Synteks, Inc. v. Jerry Spencer, L.P.*, 151 S.W.3d 246, 253 (Tex. App.—Tyler 2004, no pet.); *Ahmed v. Shimi Ventures, L.P.*, 99 S.W.3d 682, 684 n.2 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *see also Bennett v. Cisco Sys., Inc.*, No. 05-04-01548-CV, 2005 WL 1819607, at *1 (Tex. App.—Dallas Aug. 3, 2005, no pet.) (mem. op.). The only possible exception— according to one of our sister courts—is when the trial court announces during the hearing that it is considering the affidavit filed with the petition; at that point, the affidavit is effectively being admitted into evidence and the onus is on the party opposing the injunction to object or risk waiving the issue on appeal. *Ahmed*, 99 S.W.3d at 684 n.2.

---

[3] The Cantus' response brief was due on September 16, 2019. *See* TEX. R. APP. 38.6(b). To date, the Cantus have not filed a response or sought leave to file an out-of-time brief. *See id.* R. 38.6(d).

In this case, no evidence was offered during the temporary injunction hearing, and there is no record of an agreement between the parties permitting the Cantus to rely on their verified petition or Sergio's supporting affidavit. *See Millwrights*, 433 S.W.2d at 686. Moreover, the trial court never announced that it was considering the petition or affidavit as evidence. See *Ahmed*, 99 S.W.3d at 684 n.2. Accordingly, the trial court abused its discretion in granting the temporary injunction. *See Millwrights*, 433 S.W.2d at 686. We sustain U.S. Bank's second issue.[4]

### IV.  CONCLUSION

The temporary injunction is reversed, and the case is remanded for further proceedings.

GREGORY T. PERKES
Justice

Delivered and filed the
9th day of April, 2020.

---

[4] Because U.S. Bank's second issue is dispositive, we do not reach its other issues. *See* TEX. R. APP. P. 47.1.