BANK OF the SOUTHWEST N.A., BROWNSVILLE, Appellant,

v.

HARLINGEN NATIONAL BANK, Appellee.

No. 13–83–370–CV.

Court of Appeals of Texas, Corpus Christi.

Nov. 17, 1983.

Linda L. Addison, Rufus Wallingford, Fulbright & Jaworski, Houston, for appellant.

Rollins M. Koppel, Harlingen, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from the granting of a temporary injunction. Harlingen National Bank, hereinafter "appellee" filed suit against Bank of the Southwest N.A. Brownsville, hereinafter "appellant," for damages for breach of contract and fraud and for recovery of certain trust funds allegedly held by the appellant in trust for appellee. After a hearing, appellant was temporarily enjoined from the disbursement of certain funds, located in the Republic of Mexico, allegedly held in trust for appellee. We reverse and render.

In July of 1982, appellant approached appellee about participating in a loan to a citizen of the Republic of Mexico and his company. After some negotiations, appellee agreed to make a $953,000.00 loan directly to the individual. This loan was part of a loan package in excess of $13,000,000.00 made by five banks, including both appellant and appellee. All of the paperwork and disbursement of the funds were handled by the appellant. As security for the loans, appellee received a promissory note and an acceptance agreement directly from

the borrower. The maturity date on the loan was October 7, 1982. Between the date of the making of the loan and its maturity date, the government of Mexico devalued the peso. As a result of the devaluation and government regulations concerning repayment of foreign debts, appellee has not been repaid the loan. Appellant, which was registered and qualified to do business in Mexico, is registered with the Mexican government as the creditor of the entire $13,000,000.00 debt. Appellant admits that it is acting in the capacity of a trustee for all the lenders on the funds amounting to between $5,500,000.00 and $6,200,000.00, which represent the proceeds from the sale of the loan collateral, currently being held in Mexico. It is these funds which the appellant is enjoined from disbursing by the temporary injunction herein at issue.

Appellee's pro rata interest in the funds held in Mexico amount to 7.1% or approximately $433,000.00. It is appellee's contention, however, that it is entitled to be repaid the entire amount of its loan from the Mexican funds and that is why it sought to enjoin disbursement of the funds prior to adjudication of its claims. The only defendant named by appellee in their pleadings is appellant. The borrower is not a party to this litigation.

■ The appeal of an order granting or denying a temporary injunction is an appeal from an interlocutory order, which is expressly authorized by Tex.Rev.Civ.Stat. Ann. art. 4662 (Vernon Supp.1983). The merits of the moving party's case are not presented for appellate review. Our review of the granting or denying of a temporary injunction is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in granting or denying the interlocutory order. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978); *State v. Southwestern Bell Telephone Co.,* 526 S.W.2d 526 (Tex.1975); *Swanson v. Grassedonio,* 647 S.W.2d 716 (Tex.App.—Corpus Christi 1982, no writ). At a hearing on a temporary injunction question, the only issue before the trial court is whether the applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial on the merits. *Diesel Injection Sales & Service v. Gonzalez,* 631 S.W.2d 193 (Tex.App.—Corpus Christi 1982, no writ). The reviewing court is limited in its consideration as to whether the trial court abused its discretion in making its determination. The appellate court may not substitute its judgment for that of the trial court. *Texas Foundries v. International Molders and Foundry Worker's Union,* 151 Tex. 239, 248 S.W.2d 460 (1952). Also, where, as here, no findings of facts or conclusions of law were filed, the trial court's judgment must be upheld on any legal theories supported by the record. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex. 1968); *Public Utilities Board v. Central Power & Light,* 587 S.W.2d 782 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ The questions before the trial court in any temporary injunction hearing are whether the plaintiffs showed probable injury if temporary equitable relief is denied, a probable right on the merits, and a lack of an adequate remedy at law.

"In a hearing on an application for a temporary injunction, the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits .... To warrant the issuance of a writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation .... Where the pleadings and the evidence present a case of probable right and of probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion..."

*Transport Company of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 551 (1953); see also *City of Corpus Christi v. Corpus Christi Police Officer's Assoc.,* 557 S.W.2d 182 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). However, this gen-

eral rule is not unlimited; it does not extend to the erroneous application of the law to the undisputed facts. *City of Spring Valley v. Southwestern Bell Telephone Co.,* 484 S.W.2d at 579, 581 (Tex.1972).

In his first point of error, appellant asserts that the trial court erred, as a matter of law, in granting the temporary injunction. The thrust of appellant's argument is that the appellee is not entitled to an injunction because it had an adequate remedy at law (damages) and also because appellee failed to show any irreparable injury. Injunction will not be granted if there is an adequate and plain remedy at law. *Long v. Castaneda,* 475 S.W.2d 578 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.).

The test for determining whether an existing remedy is adequate is whether such remedy is as complete and as practical and efficient to the ends of justice and its prompt administration as is equitable relief. *Greater Houston Bank v. Conte,* 641 S.W.2d 407 (Tex.App.—Houston [14th Dist.] 1982, no writ). See *Jeter v. Associated Rack Corp.,* 607 S.W.2d 272 (Tex.Civ.App.—Texarkana 1980) cert. den'd, 454 U.S. 965, 102 S.Ct. 507, 70 L.Ed.2d 381 (1981); *R.E. Huntley Cotton Company v. Fields,* 551 S.W.2d 472 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.).

The granting of a temporary injunction where the movant had an adequate remedy at law constitutes an erroneous abuse of the discretionary power of the trial court. *Krenek v. South Texas Electric Coop., Inc.,* 502 S.W.2d 605 (Tex.Civ.App.—Corpus Christi—1973, no writ); *International Harvester Credit Corp. v. Rhoades,* 363 S.W.2d 397 (Tex.Civ.App.—Austin 1962, no writ). *Bagley v. Higginbotham,* 353 S.W.2d 868 (Tex.Civ.App.—Beaumont 1962, writ ref'd n.r.e.). However, for the purposes of injunctive relief, no adequate remedy at law exists if damages are incapable of calculation or if defendant is incapable of responding in damages. *R.H. Sanders Corp. v. Haves,* 541 S.W.2d 262 (Tex.Civ. App.—Dallas 1976, no writ).

The record reveals that appellee stipulated that appellant is solvent and able to respond to the money judgment for the liquidated damages for which appellee has sued. The record further shows that the damages, if any, are capable of exact calculation. Therefore since appellant is solvent and is capable of responding in damages for any wrongful acts which it may have committed against appellee and even if all of the facts alleged by appellee in its petition are ultimately found to be true by the trier of facts, the granting of the temporary injunction constituted reversible error as a matter of law. Appellee has an adequate remedy at law. Appellant's first point of error is sustained.

Since we have sustained appellant's first point of error and reverse and render the judgment of the trial court, no need is served by discussing appellant's remaining points of error.

The judgment of the trial court is REVERSED and the judgment is here RENDERED that the temporary injunction be and the same is hereby DISSOLVED.