NO. 12-02-00137-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

ALERT SYNTEKS, INC. AND
R & T SALES COMPANY, INC.,                      §     APPEAL FROM THE 369TH
APPELLANTS


V.                                                                         §     JUDICIAL DISTRICT COURT OF

JERRY SPENCER, L.P. AND
SPENCER DISTRIBUTING, L.P.,
APPELLEES                                                      §     ANDERSON COUNTY, TEXAS





OPINION

            R&T Sales Company, Inc. (“R&T”) appeals the trial court’s order granting Jerry Spencer,
L.P.’s (“Spencer”) motion to appoint a receiver. R&T raises three issues on appeal. Alert Synteks,
Inc. (“Alert”) appeals the trial court’s order granting injunctive relief against it and in favor of
Spencer Distributing, L.P. (“Spencer Distributing”). Alert raises two issues on appeal. We dismiss
for want of jurisdiction in part and reverse in part.

BackgroundSpencer entered into two construction contracts with R&T, who agreed to build two
commercial buildings for Spencer in Richland Hills, Texas and Watauga, Texas respectively. Alert
was one of several subcontractors working for R&T on the projects.
            During the course of the project, Spencer received claims of unpaid bills from subcontractors
on each project totaling more than $640,000.00. Among such claims was Alert’s claim for
$75,346.70 for work it had performed on both buildings. Spencer had previously paid R&T
$1,905,755.06 to be held in trust to pay subcontractors. 
            Spencer filed the instant suit seeking a declaratory judgment as to what amount it owed Alert
and other subcontractors. Spencer further sought to have a receiver appointed for the assets of R&T. 
R&T and Alert, by separate pleadings, answered and each filed motions to transfer venue. Both
motions to transfer venue were denied. 
            Subsequently, Alert made a demand to Spencer for $75,346.70 and related to Spencer that
if the amount was not paid, Alert would sell certain fuel dispensers it had in its possession that were
owned by a third party, Spencer Distributing.


 Thereafter, Spencer Distributing intervened in the
lawsuit by way of Plaintiff’s First Supplemental Petition claiming conversion and requesting that the
trial court enjoin Alert from selling the gas dispensers.
            On April 19, 2002, Spencer filed its Third Amended Original Petition. Neither Spencer
Distributing nor its request for injunctive relief are referenced in this pleading. On April 30, 2002,
the trial court conducted a hearing concerning Spencer Distributing’s request for injunctive relief
against Alert as well as Spencer’s request to have a receiver appointed for the assets of R&T. At the
hearing, Barry Thomas Swinney (“Swinney”), a representative for Spencer Distributing, testified as
did Darren Mackey, a certified public accountant who worked for Spencer.
            Following the hearing, the trial court granted both Spencer Distributing’s motion for
injunctive relief and Spencer’s motion to appoint a receiver. This interlocutory appeal followed.




Motion to Transfer Venue
            In its third issue, R&T argues that the trial court erred in refusing to grant its motion to
transfer venue. In its brief, R&T contends that the instant case is controlled by Texas Civil Practice
and Remedies Code chapter 64, which provides that any action governed by any other statute
prescribing mandatory venue shall be brought in the county required by that statute. R&T further
argues that the mandatory venue provision set forth in Section 64.071 of the Texas Civil Practice and
Remedies Code requires that the instant case be transferred to the county of R&T’s principal office. 
Likewise, in its second issue, Alert argues that mandatory venue provisions deprived the trial court
of jurisdiction to enter the temporary injunction against it.
            No interlocutory appeal may arise from a trial court’s determination of proper venue. See
Tex. Civ. Prac. & Rem. Code § 15.064(a) (Vernon 2002); Bristol-Myers Squibb v. Barner, 964
S.W.2d 299, 301 (Tex. App.–Corpus Christi 1998, no pet.); Guardian Sav. & Loan Ass’n v.
Williams, 731 S.W.2d 107, 108 (Tex. App.–Houston [1st Dist.] 1987, no writ); cf., Surgitek, Inc.
v. Adams, 955 S.W.2d 884, 887 (Tex. App.–Corpus Christi 1997, pet. dism’d by agr.) (Section
15.003 of the Civil Practice and Remedies Code, which allows an interlocutory appeal to contest a
trial court’s decision regarding joinder, did not authorize an interlocutory appeal of a denial of
motion to transfer venue, even where the appeal also claimed improper joinder of plaintiffs who were
allegedly unable to independently establish their right to bring suit in the county). 
            Here, both R&T and Alert seek to challenge the trial court’s ruling on their respective
motions to transfer venue. Inasmuch as we lack jurisdiction concerning a trial court’s interlocutory
ruling on a motion to transfer venue, we decline to consider both R&T’s third issue and Alert’s
second issue.

Receivership
            In its first issue, R&T contends that the trial court erred in ordering that a receiver be
appointed because the underlying grounds for the trial court’s order were not properly supported by
the evidence. 
Section 7.04 or 7.05 Receivership
            Initially, R&T contends that even though Spencer’s motion to appoint a receiver sought a
receivership pursuant to Section 7.04 of the Texas Business Corporation Act, the trial court’s order,
in fact, appointed a receiver in accordance with Section 7.05 of the Texas Business Corporation Act.
            Under Section 7.04, a receiver may be appointed by any court having jurisdiction of the
subject matter for specific corporate assets that are involved in litigation, whenever it is deemed by
the court that circumstances exist that require the appointment of a receiver to conserve such assets
and to avoid damage to parties at interest. See Tex. Bus. Corp. Act Ann. § 7.04(A) (Vernon 2003). 
However, a receiver may be appointed under Section 7.04 only if (1) all other requirements of law
are followed and (2) other remedies available either at law or in equity are determined by the court
to be inadequate. Id. Furthermore, a receiver may be appointed under Section 7.04 only in certain
instances, which, in pertinent part, are as follows: 
 
[B]etween partners or others . . . interested in any property or fund, on the application of the plaintiff
or any party whose right to or interest in the property or fund or the proceeds thereof is probable, and
where it is shown that the property or fund is in danger of being lost, removed, or materially injured.

              . . . .
 
In any other actions where receivers for specific assets have heretofore been appointed by the usages
of the court of equity.
 
See Tex. Bus. Corp. Act Ann. § 7.04(A)(1), (3) (Vernon 2003).
            On the other hand, Section 7.05 provides that a receiver may be appointed for the assets and
business of a corporation by the district court whenever circumstances exist deemed by the court to
require the appointment of a receiver to conserve the assets and business of the corporation and to
avoid damage to the parties at interest. See Tex. Bus. Corp. Act Ann. § 7.05(A) (Vernon 2003)
(emphasis added). 
            In support of its argument that the trial court appointed a receiver pursuant to Section 7.05,
R&T cites Humble Exploration Co., Inc. v. Fairway Land Co., 641 S.W.2d 934 (Tex. App.–Dallas
1982, writ ref’d n.r.e.). In Humble, the trial court’s order appointing a receiver directed the receiver
to take possession of Humble, “including all its operations, business, affairs, properties, files,
records, bank accounts, employees, facilities, real and personal property, interests, assets, liabilities,
and any and all of its properties.” Id. at 938 (emphasis in original). Emphasizing further that the
trial court’s order had appointed a receiver of Humble and its “assets and business[,]” the trial court
concluded that the trial court’s order was necessarily an appointment relying upon Section 7.05.
            R&T seeks to draw a parallel between Humble and the case at hand. Here, the trial court’s
order appointing a receiver for R&T decreed, in pertinent part, as follows:
 
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that WILLIS JARRELL, JR., . . . is
hereby appointed receiver of the assets, funds, actions, property, and records of R & T SALES
COMPANY, INC., DEFENDANT . . . [T]he receiver shall be authorized . . . to do any and all acts
necessary to the proper and lawful conduct of the receivership, including the following:
 
              1.           Secure and conserve all property of DEFENDANT R & T SALES COMPANY,
INC., including personal property, real property, intangible property, and tangible
property.

 
              2.           Trace and vouch all construction trust funds in the amount of $1,904,755.06 PAID
BY PLAINTIFF JERRY SPENCER, L.P. to DEFENDANT R & T SALES
COMPANY, INC. for construction of the Richland Hills and Watauga convenience
stores that form the basis of [this] suit . . . 
 
              3.           Preserve all assets and records of DEFENDANT R & T . . . and such other actions
as may be necessary to protect all parties at interest and for the Court to make a
determination of the rights of the parties to the assets, funds, and actions of
DEFENDANT R & T . . . 
 
              4.           The receiver shall be empowered to do whatever is reasonably necessary to trace,
find, and verify the full sum of approximately $1,905, 755.06 paid by PLAINTIFF
JERRY SPENCER, L.P. to DEFENDANT R & T . . . 
 
              5.           The receiver shall have the authority to obtain monthly bank statements and
monthly reconciliation statements for any and all financial institutions of
DEFENDANT R & T . . . for any period of time the receiver deems necessary. 
The receiver shall also have the authority to obtain all journal entries, monthly
profit and loss statements, monthly balance sheets, monthly account receivables,
data compilations, reviews, and/or audits for DEFENDANT R&T . . . for any
period of time the receiver deems necessary . . . [T]he receiver shall have the power
and authority to obtain any other records that the receiver may deem beneficial in
accomplishing the goals of this Order.
 
              6.           The receiver shall have the right to employ legal counsel and expend reasonable
attorneys [fees] from the $25,000.00 fund deposited in the registry of the court by
the PLAINTIFF JERRY SPENCER, L.P. to file suit to pursue and effect the terms
of this Order.

              ....
 
              8.           The receiver is authorized by the Court to employ accounting assistance in this
matter, upon motion and order before the Court, to be paid by Plaintiff.
 
IT IS FURTHER ORDERED that money coming into the possession of the receiver shall
be held in trust by the receiver subject to such orders as this Court may hereafter issue.

              ....
 
IT IS FURTHER ORDERED that the receiver shall, upon location of assets, funds, property,
and/or records or no later than 120 days from qualification of the receiver, file in this action an
inventory of all property of which the receiver shall have taken possession. If the receiver
subsequently comes into possession of additional property, the receiver shall file a supplemental
inventory as soon as practical. 


            Based on our review of the trial court’s order, we conclude that the order in the instant case
is distinguishable from the order in Humble. Here, the trial court’s order does not direct that there
be a receiver of the business of R&T. Rather, the trial court’s order is restricted to R&T’s assets. 
As such, we hold that the trial court’s order appointing a receiver must conform to the requirements
of Section 7.04.
Standard of Review
            Since a receivership is an equitable remedy within the sound discretion of the court, an
appointment will not be disturbed on appeal unless the record reveals an abuse of discretion. See
Abella v. Knight Oil Tools, 945 S.W.2d 847, 849 (Tex. App.–Houston [1st Dist.] 1997, no writ);
see also Balias v. Balias, Inc., 748 S.W.2d 253, 256 (Tex. App.–Houston [14th Dist.] 1988, writ
denied). We will reverse for abuse of discretion only when we conclude that the trial court acted in
an unreasonable or arbitrary manner. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
242 (Tex. 1985). Stated somewhat differently, abuse of discretion occurs when a court acts “without
reference to any guiding rules and principles.” Id. at 241-42. A corollary principle is that a court
of appeals may not reverse for abuse of discretion merely because it disagrees with the trial court’s
decision, so long as such a decision was within the court's discretionary authority. See Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer, 701 S.W.2d at 242.
Propriety of Trial Court’s Order Granting Receivership
            To iterate, among the requirements that must be met before a trial court can appoint a
receiver under Section 7.04 is that the trial court determine that other remedies available either at law
or in equity are inadequate. See Tex. Bus. Corp. Act § 7.04(A); see also Associated Bankers’
Credit Co. v. Meis, 456 S.W.2d 744, 750 (Tex. Civ. App.–Corpus Christi 1970, no writ) (under
Section 7.04, a receiver will not be appointed if the status of the property can be maintained and the
rights of the applicant protected pending a hearing by the issuance of a restraining order or temporary
injunction, or by any remedy less drastic than a receivership). 
            In the case at hand, Spencer offered no evidence at the hearing on its motion to appoint a
receiver to support the trial court’s finding that other remedies available either at law or in equity
were inadequate. No evidence of record supports that other methods which could potentially be
employed to trace the missing funds, such as traditional discovery, had been attempted and failed
or were otherwise unavailable. In fact, there is no indication in the record that any discovery had
been attempted at the time the trial court granted Spencer’s motion. Moreover, the record is silent
as to reasons why injunctive relief could not be employed to preserve assets or why monetary
damages would not provide an adequate remedy. We hold that by granting Spencer’s motion to
appoint a receiver where there was no evidence supporting its finding that other remedies available
either at law or in equity were inadequate, the trial court abused its discretion. R&T’s issues one and
two are sustained. 

Injunction
            In its first issue, Alert argues that the trial court abused its discretion by granting injunctive
relief in favor of Spencer Distributing. 
Amendment of Pleadings
            Alert’s argument in support of its first issue is multifarious. Initially, Alert contends that the
trial court improperly granted the injunction because (1) Spencer Distributing had been dismissed
as a party, (2) the injunctive action against Alert had been abandoned, and (3) the injunctive relief
was not supported by the pleadings. More specifically, Alert argues that Spencer Distributing was
made a party to the instant lawsuit by virtue of Plaintiff’s First Supplemental Petition filed on
April 4, 2002. When, on April 19, 2002, Spencer filed its Third Amended Petition, which made no
reference to Spencer Distributing or its claim for injunctive relief against Alert, Plaintiff’s First
Supplemental Petition, Alert argues, was no longer regarded as the pleading of record. Thus, Alert
contends, Spencer Distributing was no longer a party, and its claim for injunctive relief was thereby
abandoned. We disagree.
            When a party’s name is omitted from an amended pleading, he is as effectively dismissed as
where a formal order of dismissal is entered. Randolph v. Jackson Walker L.L.P., 29 S.W.3d 271,
274 (Tex. App.–Houston [14th Dist.] 2000, pet. denied). However, Texas Rule of Civil Procedure
64 requires that the party amending point out the instrument amended, as “original petition,” or
“plaintiff's first supplemental petition,” or as another instrument filed by the party and shall amend
by filing a substitute therefor, entire and complete in itself, indorsed “amended original petition,”
or “amended first supplemental petition,” accordingly as said instruments of pleading are designated. 
See Tex. R. Civ. P. 64. 
            In the case at hand, Alert, in essence, argues that Plaintiff’s Third Amended Original Petition
operated to supplant Plaintiff’s First Supplemental Petition. Yet, in accordance with Rule 64, and
the examples cited therein, Spencer has indorsed the pleading as the third amendment to its original
petition. Any amendment to Plaintiff’s First Supplemental Petition would, in accordance with the
express example set forth in Rule 64, be indorsed as Plaintiff’s First Amended First Supplemental
Petition. Id. Nothing in the body of Plaintiff’s Third Amended Original Petition, either express or
implied, causes us to conclude that Spencer sought to amend Plaintiff’s First Supplemental Original
Petition. Moreover, none of the cases


 cited by Alert support the proposition that a pleading
designated as an amendment to a previously-filed original petition also served to amend a
previously-filed supplemental petition. Thus, we conclude that (1) Spencer Distributing was not
dismissed as a party at the time the trial court granted injunctive relief, (2) the injunctive action
against Alert was not abandoned, and (3) the injunctive relief granted was supported by the
pleadings.
Adequate Remedy at Law
            Alert further contends that the trial court improperly granted Spencer Distributing injunctive
relief because the record reflects that there existed an adequate remedy at law. 
            A trial court is clothed with broad discretion in determining whether to issue an injunction,
and its order will be reversed only on a showing of a clear abuse of discretion. See Florence v.
Florence, 388 S.W.2d 220, 224 (Tex. Civ. App.–Tyler 1965, writ dism’d). However, this general
rule is not unlimited; it does not extend to the erroneous application of the law to the undisputed
facts. Bank of the Southwest N.A. v. Harlingen Nat’l Bank, 662 S.W.2d 113, 115–16 (Tex. App.–
Corpus Christi 1983, no writ). Furthermore, it is an abuse of discretion for a trial court to issue a
temporary injunction where no evidence that would support a temporary injunction was presented
to the trial court. See Rogers v. Howell, 592 S.W.2d 402, 403 (Tex. Civ. App.–Dallas 1980, writ
ref’d n.r.e.). A judgment issuing a writ of temporary injunction may not be made by affidavit, and
thus a sworn petition does not constitute evidence supporting the trial court’s judgment. Id.;
Millwrights Local Union No. 2484 v. Rust Engineering Co., 433 S.W.2d 683, 686 (Tex. 1968).
            An injunction will not be granted if there is an adequate and plain remedy at law. See
McGlothlin v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984); Bank of the Southwest, 662 S.W.2d at
116. For a legal remedy to be adequate, it must give the plaintiff complete, final, and equal relief. 
See Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 577 (Tex. App.– Austin 2000, no
pet.);


 Henderson v. KRTS, Inc., 822 S.W.2d 769, 773 (Tex. App.–Houston [1st Dist.] 1992, no
writ); Bank of the Southwest, 662 S.W.2d at 116 (“The test for determining whether an existing
remedy is adequate is whether such remedy is as complete and as practical and efficient to the ends
of justice and its prompt administration as is equitable relief.”). For the purposes of injunctive relief,
if damages cannot be calculated, or if the defendant will be unable to pay damages, there is no
adequate remedy at law. Texas Indus. Gas v. Phoenix Metallurgical Corp., 828 S.W.2d 529, 533
(Tex. App.–Houston [1st Dist.] 1992, no writ); see Thompson, 24 S.W.3d at 577; Surko Enters.,
Inc. v. Borg-Warner Acceptance Corp., 782 S.W.2d 223, 225 (Tex. App.–Houston [1st Dist.] 1989,
no writ). Granting an injunction in the face of an adequate remedy at law is an erroneous abuse of
the court’s discretionary powers. See Hancock v. Bradshaw, 350 S.W.2d 955, 957 (Tex. Civ. App.–
Amarillo 1961, no writ).
            In the case at hand, Swinney testified that each of the gas dispensers had a fair market value
of eleven thousand dollars and that the total value of all of the dispensers allegedly converted was
ninety-nine thousand dollars. Although Spencer Distributing pleaded that it “daily suffers losses
from the non-possession of the . . . gas dispensers[,]” and that “the property and rights involved are
unique and irreplaceable[,]” there is no evidence of record to support such allegations. The record
is further silent concerning any inability on the part of Alert to pay Spencer Distributing monetary
damages. Moreover, Spencer Distributing has not argued in its brief that it was without an adequate
remedy at law or that Alert was insolvent. Inasmuch as the only evidence of record reflects that the
gas dispensers allegedly converted had a fixed and discernible fair market value, and further,
considering that (1) there is no evidence that Spencer Distributing had suffered or would suffer
losses resulting from the non-possession of the gas dispensers, (2) there is no evidence that the gas
dispensers were unique and irreplaceable, and (3) there is no evidence suggesting that Alert was
insolvent, we cannot conclude that Spencer Distributing’s remedy at law was inadequate. Thus, we
hold that by granting an injunction in the face of an adequate remedy at law, the trial court abused
its discretion. Appellant’s first issue is overruled in part and sustained in part.

Conclusion
            We dismiss R&T’s third issue and Alert’s second issue for want of jurisdiction. Having
sustained R&T’s issues one and two, we reverse and vacate the trial court’s order appointing a
receiver for the assets of R&T. Having sustained Alert’s issue one in part, we reverse and dissolve
the trial court’s order granting a temporary injunction against Alert. Accordingly, we remand this
cause to the trial court for further proceedings consistent with this opinion.


                                                                                                     DIANE DEVASTO 
                                                                                                                Justice


Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.






















(PUBLISH)